Honorable Don S. Caldwell, Jr. District/County Attorney Limestone County Groesbeck, Texas 76642
Re: Appointment of special deputy sheriffs.
Dear Mr. Caldwell:
You have requested our opinion concerning the authority of a sheriff to appoint or hire handgun carrying special deputies `who are not certified peace officers' to patrol an annual celebration in his county.
This office has consistently held that the appointment of deputy sheriffs must be authorized by law. Attorney General Opinions V-1050 (1950); V-699 (1948); O-4338 (1942); O-207 (1939). We are not aware of any statute which would authorize the appointment of such special deputies, except possibly article 6869.1, V.T.C.S., which authorizes the appointment of reserve deputy sheriffs. However, such reserve deputies as well as all other peace officers not specifically excepted must satisfy the requirements of article 4413(29aa), V.T.C.S. Attorney General Opinions H-549 (1975); H-167 (1973); M-1267 (1972); M-1026 (1971); M-767 (1971). Section 2A(a) of this article provides in part:
 The Commission on Law Enforcement Officer Standards and Education shall establish minimum training standards for all reserve law enforcement officers which must be fulfilled before a person appointed as a reserve law enforcement officer may carry a weapon or otherwise act as a peace officer.
As you note in your request, the Commission has established such standards.
Accordingly, in our opinion a sheriff has no authority to appoint special deputy sheriffs in this context unless such deputies satisfy the requirements of article 4413(29aa).
 SUMMARY
Deputy sheriffs appointed to patrol an annual celebration must satisfy the requirements of article 4413(29aa) in order to act as a peace officer.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee